UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT TREADWELL, # 124392, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-560 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| RON ALMY, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

       This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1993. Plaintiff's complaint arises from the January 2009 removal of plaintiff from a food service job at the Muskegon Correctional Facility (MCF). The defendants are Assistant Food Service Director Ron Almy, Food Service Supervisor Chad Hardy, Food Service Director Tony Henry, and Deputy Warden Michael Singleton. The only claim that survived initial screening under Rule 12(b)(6) standards was that defendants violated plaintiff's First Amendment rights by removing him from his prison job in retaliation for a letter he wrote to MCF's warden advising the warden that MCF's food service staff had been involved in serving prisoners "tainted" chicken patties. (Opinion & Order Regarding Partial Service, docket #s 4, 5).

       The matter is before the court on defendants' motion for summary judgment. (docket #s 19, 39). Plaintiff has not yet had the opportunity to conduct discovery related to his retaliation claims because, although he posed discovery requests in September 2010, defendants have opposed all discovery based on a claim of qualified immunity. Plaintiff's response to defendants' motions

ask the court to defer a decision on defendants' motion for summary judgment until after he receives answers to his interrogatories. (Plf. Brief at 11-13, docket # 25; Plf. Brief at 15-16, 20, docket # 44). Recent Sixth Circuit decisions establish that this court would abuse its discretion and commit reversible error if it granted defendants' motions for summary judgment while at the same time barring plaintiff from conducting any discovery in support of his retaliation claims. *See Siggers v. Campbell*, No. 09-2404, __ F.3d __, 2011 WL 3134354, at * 13-14 (6th Cir. July 27, 2011); *Alspaugh v. McConnell*, 643 F.3d 162, 166-68 (6th Cir. 2011) ("[I]t is not proper to grant summary judgment without giving [] an opportunity to engage in discovery merely because the state defendants asserted qualified immunity as a defense."). Defendants are entitled to a ruling on the question of qualified immunity before discovery is allowed, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), but the court's ruling must necessarily be limited to the Rule 12(b)(6) context. Chief Judge Maloney has already determined that plaintiff's complaint alleges First Amendment retaliation claims against defendants Almy, Hardy, Henry, and Singleton. The only question for resolution at this juncture is whether plaintiff has alleged a violation of a "clearly established" constitutional right. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

## Discussion

Defendants argue (1) that plaintiff did not allege that he was engaged in protected conduct, and (2) that "there is no constitutional provision requiring prisoners to be employed." (Def. Brief at 10, 12, docket # 20; Def. Singleton's Brief at 11, docket # 40). The latter argument is true, but irrelevant. Plaintiff's purported due-process claims based on the loss of his prison job were

dismissed on initial screening because prisoners do not have a right to prison employment. (Op. at 5-6, docket # 4).

Defendants' assertion that plaintiff has not alleged protected conduct is untrue. Plaintiff alleges that he was removed from his prison job in retaliation for a January 2009 letter he wrote to MCF's warden complaining that food service staff had been involved in serving prisoners "tainted" chicken patties. (Compl. ¶¶ 19, 29, 32, 40). Defendants have not attempted, much less drawn, a meaningful distinction between plaintiff's complaint to the warden and other prisoner grievances, which have been considered protected conduct since at least 1999. *See Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (*en banc*); *see also Scott v. Stone*, 254 F. App'x 469, 471-75 (6th Cir. 2007); *Scott v. Churchill*, 377 F.3d 565, 570-72 (6th Cir. 2004). Any reasonable officer should have known, as early as 1999, that a prisoner's right to make a formal complaint to prison authorities is protected conduct.

### **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motions (docket #s 19, 39), construed as Rule 12(b)(6) motions to dismiss, be denied. I further recommend that the remainder of defendants' motions be dismissed without prejudice. Defendants remain free to assert qualified immunity and all the other defenses based on the broader summary judgment record, after plaintiff has had an opportunity to conduct discovery.

Dated:  September 30, 2011          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).