UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT TREADWELL #124392, )<br>   Plaintiff, )<br>)<br>-v- )<br>)<br>RON ALMY, )<br>MICHAEL SINGLETON, )<br>CHAD HARDY, and )<br>TONY HENRY, )<br>   Defendants. )<br>_____) | No. 1:10-cv-00560<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

Before this court is a Report and Recommendation issued by Magistrate Judge Scoville. (ECF No. 48.)

**I.   BACKGROUND**

This is a civil-rights suit brought *pro se* by Robert Treadwell, a state prisoner, under 42 U.S.C. § 1983.  Mr. Treadwell alleges that in January 2009, he was removed from his food-service job at the Muskegon Correctional Facility as retaliation for a letter he wrote to the Facility's warden informing her that the food-service staff had been serving prisoners allegedly "tainted" chicken patties.  Mr. Treadwell alleges, in the only claim still at issue, that this action violated his First Amendment rights.

Defendants have filed Motions for Summary Judgment (ECF No. 19, 39), while refusing to respond to Mr. Treadwell's discovery requests on grounds of qualified immunity.  On September 30, 2011, the magistrate judge issued a Report and Recommendation ("R&R") that Defendants' motions be construed as Rule 12(b)(6) Motions to Dismiss, that these motions be denied, and that the remainder of Defendants' Motions for Summary Judgment be dismissed without prejudice.

Defendants timely filed objections to the R&R on October 11, 2011.  (ECF No. 50.)

## II.  STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R").  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to object to an issue waives that issue, along with the party's right to appeal that issue.  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## III.  DISCUSSION

Defendants object to the R&R on the ground that it failed to address the issue of whether Plaintiff exhausted his administrative remedies as to Defendant Hardy prior to filing this suit. Defendants argue that the exhaustion issue is a prerequisite to suit and thus must be addressed initially, before the suit is allowed to proceed.  In any case, Defendants argue, Mr. Treadwell's discovery requests do not concern exhaustion and so the issue is ripe for determination.

This objection is OVERRULED.  The magistrate judge properly found that Defendants' Motions for Summary Judgment were premature and declined to rule on them before Mr. Treadwell had conducted his discovery.  *See Siggers v. Campbell*, 652 F.3d 681, 697–98 (6th Cir. 2011) (holding that trial court abused its discretion by refusing to delay consideration of summary

judgment motions to provide plaintiff prisoner time to obtain discovery); *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) ("[I]t is not proper to grant summary judgment without giving [plaintiff] an opportunity to engage in discovery merely because the state defendants asserted qualified immunity as a defense."); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying [a] Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion."). The magistrate did not ignore Defendants' exhaustion argument; instead, he determined that this claim, as part of Defendants' Motions for Summary Judgment, was premature. The issue of exhaustion is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), and contrary to Defendants' suggestion, it need not be addressed prior to discovery.

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (ECF No. 48) is **ADOPTED**, over objections, as the opinion of this court;

2. Defendants Henry, Hardy and Almy's Motion for Summary Judgment (ECF No. 19) is construed as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and to that extent **DENIED**;

3. Defendant Singleton's Motion for Summary Judgment (ECF No. 39) is construed as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and to that extent **DENIED**; and

4. The remainder of Defendants' Motions for Summary Judgment (ECF No. 19, 39) are **DISMISSED** without prejudice.

Date:  November 9, 2011                           /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge